C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,

        -against-

LASHAWN BALLANCE,

                              Defendant.
-------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

16-cr-617 (BMC)

**COGAN,** District Judge.

    Before me is defendant's motion for compassionate release in light of the COVID-19 pandemic and his risk-heightening medical conditions. Because defendant has not shown extraordinary circumstances sufficient to reduce his sentence, his motion is denied.

## BACKGROUND

    Defendant pleaded guilty to conspiracy to distribute fentanyl, a schedule II narcotic, for which this Court sentenced him to 78 months in prison on July 17, 2018. His projected release date is June 22, 2022. Defendant is under the age of 50, but claims to have diabetes, hypertension, and high cholesterol, which the Government does not dispute. For these conditions, he takes Metformin twice a day, and aspirin, Amlodipine, Hydrochlorothiazide, Lisinopril, and Atorvastatin once a day.

    Prior to his present incarceration, defendant had been repeatedly arrested and convicted for numerous drug offenses in several states. Nevertheless, while in prison, defendant appears to have been making the most of his situation, including by participating in the "L.E.A.D.ership Program," completing 17 adult continuing education ("ACE") classes, and passing the EPA's 608 Universal Exam on refrigerants.

According to the Government, "[a]s of July 10, 2020, FCI Williamsburg, where the defendant is incarcerated, has three reported cases of COVID-19, an inmate and two staff members." The Bureau of Prisons website shows that these numbers have since increased to four staff member infections (but still one inmate). This, in a facility that lists over 1,200 inmates in its population. However, defendant contends that COVID-19 infections at FCI Williamsburg have been underreported and that the "Executive Staff have covered it up by sending their staff with the virus home, and placing inmates exposed to be quarantined in the SHU, and order[ing] staff not to talk."

Defendant had previously requested release from the Bureau of Prisons, which application was denied on June 22, 2020. He now moves for the same in this Court and the Government opposes.

## DISCUSSION

In general, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a convicted defendant may bring a motion to reduce the term of his imprisonment under the compassionate release statute if, after considering the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i). The moving defendant bears the burden of showing that his circumstances compel his early release. See United States v. Ebbers, No. 02-cr-1144, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.")).

Absent a terminal illness, the Sentencing Commission would permit compassionate release because of a defendant's medical condition if he is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 Application Note 1(A).  Release may also be appropriate if there exists some other "extraordinary and compelling reason" not specifically provided for in the Guidelines.  Id. § 1B1.13(1)(D).  Of course, any early release would be predicated on a finding that the "defendant is not a danger to the safety of any other person or to the community."  Id. § 1B1.13(2).

After due consideration, I cannot find a sufficient basis to conclude that any "extraordinary and compelling reasons" exist to warrant defendant's early release.  He cites no urgent medical issues that cannot be treated at FCI Williamsburg, and his young age and apparently-stable blood pressure, cholesterol, and diabetes conditions are not likely to materially increase his already-low risk of dying from COVID-19.  Moreover, FCI Williamsburg seems to have an extraordinarily low COVID-19 infection rate, and so defendant's release might actually increase his odds of contracting the virus.  And even if defendant's contentions regarding the prison's "cover-up" are true, "sending . . . staff with the virus home, and placing inmates exposed to be quarantined in the [special housing unit]" are accurate, that may be the best way to prevent further infection.

I have also considered the factors set forth under 18 U.S.C. § 3353(a), the application of which fail to convince me that defendant is deserving of compassionate release.  Although he has taken significant steps toward his education while incarcerated, I cannot conclude that his tendency toward recidivism is likely to have changed after only 43 months' in prison.

3

## CONCLUSION

Defendant's [192] motion to reduce his sentence is denied.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       July 20, 2020