C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
UNITED STATES OF AMERICA,                             :
                                                                             :
                                                                             :  **MEMORANDUM**
            -against-                                        :  **DECISION AND ORDER**
                                                                             :
                                                                             :  16-cr-617 (BMC)
                                                                             :
LASHAWN BALLANCE,                                         :
                                                                             :
                        Defendant.   :
---------------------------------------------------------------- X

**COGAN**, District Judge.

      By decision dated July 20, 2020, I denied defendant's motion for compassionate release, in which he asked me to reduce his sentence due to the COVID-19 pandemic and his risk-heightening medical conditions, under 18 U.S.C. § 3582(c).  By motion dated August 10, 2020, defendant moves for reconsideration of that decision under Fed. R. Civ. P. 60(b), claiming that I did not follow proper procedure and should have (i) issued a show cause order directing defendant to file a reply in support of his motion following the Government's opposition and (ii) held an evidentiary hearing.  He also challenges my decision on the merits.

      Federal Rule of Civil Procedure 60(b) provides that a party may move to set aside a judgment on grounds of mistake, inadvertence, neglect, newly discovered evidence, fraud, or any other reason justifying the modification of an order or judgment.  Fed. R. Civ. P. 60(b).  Although this rule does not technically apply in a criminal case, see United States v. Lisi, No. 15 Cr. 457, 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020), the standard is the same under Local Criminal Rule 49.1.[1]  Id. (collecting cases).

---

[1] Local Rule 49.1 states that a "motion for reconsideration . . . shall be filed and served within fourteen (14) days after the Court's determination of the original motion."  I decline to deny defendant's motion as untimely due to his *pro se* status.

Reconsideration "provides extraordinary judicial relief, when the moving party demonstrates exceptional circumstances." Breslow v. Schlesinger, 284 F.R.D. 78, 82 (E.D.N.Y. 2012) (internal quotation marks omitted). The standard for relief is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) (quoting Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

Defendant's motion does not provide any ground for reconsideration.

First, his procedural challenges are without merit. "[D]isposition of a case without the filing of a reply does not violate a litigant's constitutional due process right." Person v. Ercole, No. 08 Civ. 7532, 2015 WL 4393070, at *2 (S.D.N.Y. July 16, 2015); cf. United States v. Luke-Sanchez, 327 F. App'x 774, 776 (10th Cir. 2009); Castaldi v. Poole, No. 07-CV-1420, 2013 WL 789986, at *11 (E.D.N.Y. Mar. 1, 2013). "[N]or is there an absolute right to an evidentiary hearing" under § 3582(c). United States v. Chaney, No. 5:09-CR-55, 2020 WL 4228152, at *6 (E.D. Ky. July 23, 2020); cf. Dillon v. United States, 560 U.S. 817, 825-28 (2010). Thus, it was permissible for me to resolve defendant's motion without a reply or evidentiary hearing.

Defendant's substantive challenges also fail. The primary reasons for my original decision are unchanged: defendant's medical conditions do not materially increase his risk from

COVID-19 and FCI Williamsburg continues to have low numbers of COVID-19 infections.[2] With the exception of one newly raised claim regarding the judicial system's "systemic racism" that is inappropriate for reconsideration, see Montblanc-Simplo, 739 F. Supp. 2d at 147, and, in any event, could not have been raised for the first time on reply, see Castro v. Holder, 597 F.3d 93, 95-96 n.2 (2d Cir. 2010), defendant's motion for reconsideration merely reiterates points that I previously considered and rejected – the nonviolent nature of defendant's crimes, the guidance in Attorney General William Barr's memorandum to the Director of the BOP regarding compassionate release during COVID-19, and defendant's medical and prison conditions. Defendant's arguments do not alter my conclusions.

## CONCLUSION

Defendant's motion for reconsideration sentence is denied.

**SO ORDERED.**

                                                          _____
                                                                          U.S.D.J.

Dated: Brooklyn, New York
           September 14, 2020

---

[2] See https://www.bop.gov/coronavirus/ (identifying three active cases among inmates at FCI Williamsburg). I may take judicial notice of information presented on an official government website. See Volpe v. Am. Language Commc'n Ctr., Inc., 200 F. Supp. 3d 428, 431 n.1 (S.D.N.Y. 2016), aff'd, 692 F. App'x 51 (2d Cir. 2017).